MICHAEL J. PEREMBA, JR.

*v.*

ARLENE J. PEREMBA

(No. 14044)

Decided November 20, 1979.

*Bogarad & Robertson, Martin S. Bogarad, William R. Kiefer* for appellant.

*Frankovitch & Anetakis, Carl N. Frankovitch and George J. Anetakis* for appellee.

PER CURIAM:

The appellant in this proceeding, Arlene J. Peremba, contends that the Circuit Court of Hancock County erred in failing to award her alimony and adequate child support in a divorce decree entered on February 25, 1977.

On September 8, 1975, Michael J. Peremba, Jr., instituted this divorce action against the appellant. In his amended complaint he alleged that the appellant had been guilty of repeated acts of cruelty. He also alleged that the parties had lived separate and apart for at least two years next preceding the filing of the divorce complaint.

In her answer, the appellant denied the allegations against her and counterclaimed on the ground that her husband had been guilty of cruelty.

A hearing was conducted in the matter on October 26, and November 10, 1976. During the hearing, evidence was introduced showing that the parties had lived separate and apart within the two years next preceding institution of the action. Also the evidence showed that the parties had engaged in mutual name-calling and other activities disruptive of domestic tranquility.

The testimony of the parties indicated that Mr. Peremba earned between $55,000 and $59,000 a year. Appel-

lant, although she had given ballet lessons, had no continuing source of income. The parties had two daughters, ages eleven and eight.

On February 25, 1977, the Judge of the Circuit Court of Hancock County entered a decree in the case granting the parties a divorce on the ground of two-year separation. The court ruled that both parties had been guilty of cruel and unhuman treatment towards each other and that, therefore, both parties were, under the provisions of *W. Va. Code*, 48-2-4(a)(7), barred with regard to alimony. Additionally, the court awarded the appellant custody of the couple's two children and ordered that Mr. Peremba pay the appellant $600.00 per month child support for the two children, and that he pay certain medical expenses and attorney's fees.

After entry of the final decree the appellant moved that the court grant her a new trial. The court overruled that motion and made supplemental findings of fact. In the supplemental findings, the court stated that in order to justify an award of alimony under *W. Va. Code*, 48-2-4(a)(7),[1] the two-year separation statute, it was necessary for the party seeking alimony to show that the other party had been guilty of an act which would have constituted a ground for divorce. Specifically, the court said:

> "In other words, the wife in the present matter must show that her husband was guilty of a ground for divorce and that she has not committed a ground for divorce. The Court in the present matter found that both parties were guilty of cruel and inhuman treatment of the other party. The Defendant would not quarrel with the finding of the Court that the Plaintiff was guilty of cruel and inhuman treatment of the Defendant, even though most of the matters, if believed, constituting cruelty upon the Plaintiff's part oc-

---

[1]Subsequent to the hearing in this case, the West Virginia Legislature reduced the two-year separation period to one year. W. Va. Acts ch. 84 (1977).

curred five or six years prior to their separation. ..."

The court concluded that the evidence in the case demonstrated that the appellant was guilty of cruel and inhuman treatment toward her husband and that that treatment, under the doctrine of recrimination, mitigated the husband's cruelty and precluded its use as the basis of an award of alimony.

The question of whether or not the wife was entitled to alimony in this case revolves around the proper construction to be given to *W. Va. Code*, 48-2-4(a). That Code section provided:

"(a) A divorce may be ordered:

. . .

"(7) Where the parties have lived separate and apart in separate places of abode without any cohabitation and without interruption for two years, whether such separation was the voluntary act of one of the parties or by the mutual consent of the parties; and a plea of res adjudicata or of recrimination with respect to any other provision of this section shall not be a bar to either party's obtaining a divorce on this ground. If alimony is sought ... the court may inquire into the question of who is the party at fault and may award such alimony according to the right of the matter and such determination shall not affect the right of either party to obtain a divorce on this ground;. ..."

It is clear from the findings of fact and conclusions of law in the case before us that the court interpretated *W. Va. Code*, 48-2-4(a)(7) as requiring that a party be guilty of fault constituting a ground for divorce before alimony could be awarded against that party.

Subsequent to the ruling of the trial court we examined the degree of fault necessary to justify an award of alimony under *W. Va. Code*, 48-2-4(a)(7). In *Dyer v. Tsapis*, ____ W. Va. ____, 249 S.E.2d 509 (1978), we said:

"Where the West Virginia divorce law, *W. Va. Code*, 48-2-4(a)(7) [1977] provides grounds for divorce based upon one year's voluntary separation but conditions the award of alimony in a divorce predicated on voluntary separation upon a finding of 'fault,' the term 'fault' in that context does not mean such fault as would entitle a court to award a divorce pursuant to *W. Va. Code*, 48-2-4(a) (1-6, 9) [1977] but rather means substantial inequitable conduct as demonstrated by a preponderance of the evidence in the record from which the trier of fact may infer that the marriage was dissolved because of the blameworthy conduct of the party against whom the alimony is sought to be charged." Syllabus, *Dyer v. Tsapis, supra.*

Because we conclude that the interpretation set forth in *Dyer v. Tsapis, supra,* is the proper one to be applied in cases such as the one now before us, we hold that the trial court erred in barring appellant's claim for alimony on the grounds that her husband had not committed an act which constituted an adequate ground for divorce.

We, therefore, reverse the judgment of the Circuit Court of Hancock County and remand the case for consideration by the court in view of the principles set forth in *Dyer v. Tsapis.*

*Reversed and remanded.*