MARILYN SUE HAYNES

*v.*

ROGER LEE HAYNES

(No. 14693)

Decided April 4, 1980.

*Jane Moran,* for appellant.

*Elliott E. Maynard,* for appellee.

NEELY, CHIEF JUSTICE:

The Court granted this appeal to determine whether a wife may be entitled to alimony in a divorce based upon

irreconcilable differences, *W.Va. Code*, 48-2-4(a)(10) [1977],[1] notwithstanding that she cannot demonstrate fault or inequitable conduct on the part of the husband. We find that she may be so entitled and reverse and remand.

Appellant Marilyn Haynes originally filed an action for divorce from her husband Roger on 19 October 1978, alleging adultery, mental cruelty, and irreconcilable differences. After a hearing, the court granted appellant a divorce for irreconcilable differences. The record indicates that the trial court found that neither party was more at fault than the other, and that plaintiff and defendant were equally entitled to the divorce because of irreconcilable differences and denied any alimony award. The wife argues here that *W.Va. Code*, 48-2-4 (a)(10) [1977] does not require her to prove fault on the part of her husband in order to be awarded alimony under the "just and equitable" standard. We are called upon to determine whether the standard eliminates the traditional requirement that a finding of fault, at least in the sense of inequitable conduct, be made before alimony can be awarded.

---

[1] *W.Va. Code*, 48-2-4(a)(10) [1977] provides:

(a) A divorce may be ordered:

(10) If one party to a marriage shall file a verified complaint, for divorce, against the other, alleging that irreconcilable differences have arisen between the parties, and stating the names of the dependent children of the parties or of either of them, and if the defendant shall file a verified answer to the complaint and admit or aver that irreconcilable differences exist between the parties, the court may grant a divorce, but no order of divorce entered pursuant to the provisions of this subdivision (a)(10) shall be entered unless sixty days shall have elapsed after the filing of the complaint. In such case no corroboration of the grounds for divorce shall be required. The court may make such order for alimony, for the custody, support and maintenance of children, and for visitation rights as may be just and equitable, or may approve, modify, or reject any agreement between the parties pertaining to alimony, the custody, maintenance and support of children, or visitation rights; such provision shall not affect the right to obtain a divorce upon the ground of irreconcilable differences between the parties to a marriage.

We recently spoke to this subject in the context of a divorce based upon voluntary separation in *Dyer v. Tsapis*, ___ W.Va. ___, 249 S.E.2d 509 (1978) where we recognized that the law of divorce has evolved into something closely akin to our contract law. In prior times, when divorce was less pervasive and less acceptable than it is today, principles akin to tort law governed alimony awards, which frequently served not only a compensatory function, but a punitive function as well.[2]

*Dyer* dealt with alimony when divorce is predicated on voluntary separation under *W.Va. Code*, 48-2-4(a)(7) [1977]. That statute specifically conditions an alimony award upon a finding of "fault," and we held in that case that fault was to be construed as substantial inequitable conduct on the part of the party against whom the alimony was to be charged. "Fault" in that context did not require a finding which would entitle one of the parties to a divorce on a fault ground under *W.Va. Code*, 48-2-4(1-6, 9) [1977]. The rationale of *Dyer* was that alimony is a way of avoiding unjust enrichment of either of the parties.[3] Thus, certain factors were set forth to be considered by a trial judge in determining whether alimony should be awarded, and if so, in what amount.

> If the wife is young but has no occupational skills, the court might provide alimony for a predetermined, limited time to support her while she undergoes vocational training. In the same vein, if the wife is no longer young but able to work at a job which can only help contribute to her support in her customary manner, then ali-

---

[2] As noted in *Dyer v. Tsapis*, ___ W.Va.___, 249 S.E.2d 509 (1978), tort and contract principles are applicable only by analogy as all parts of a divorce action are entirely equitable.

[3] In *Dyer, supra*, at 511, we recognized that "[t]he law which once saw marriage as a sacrament now conceptualizes it as roughly analogous to a business partnership." There have been several law review articles written on the subject including those mentioned in n. 5 of *Dyer*:

*See, e.g.,* Rheinstein, *The Transformation of Marriage and the Law*, 68 Nw.U.L.Rev. 463 (1973); Note, *The Economics of Divorce in Georgia: Toward a Partnership Theory of Marriage*, 12 Ga.L.Rev. 640 (1978).

mony can serve to supplement her income. Furthermore, a trial judge should look to the separate estates of the parties along with the ages of the parties, which are important because age reflects upon their ability to work; similarly, the duration of the marriage is important because duration is an index to the opportunity which the wife has foregone by being a housewife. ____ W.Va. at ____, 249 S.E.2d at 513.

The case at bar can be distinguished from *Dyer* in that a divorce under *W.Va. Code*, 48-2-4(a)(10) [1977] is strictly consensual. One party files a complaint, but the divorce is not awarded on the ground of irreconcilable differences unless the second party files an answer admitting those differences. Only then does the issue of alimony arise. The statute provides that the court may make an award of alimony, or it may approve or reject an agreement previously reached by the parties. As a practical matter, if the parties agree that they no longer wish to be married to each other, in a majority of cases, they will have already decided upon a division of property. In the few cases where such an agreement has not been reached, the court serves almost the function of an arbitrator who must take into consideration the factors set out in *Dyer*, which have been taken from *W.Va. Code*, 48-2-16 [1969] which says:

> All judges and courts of this State, called upon to fix, ascertain and determine an amount as alimony, support or maintenance to be paid by a spouse or to modify any order pertaining thereto, shall take into consideration, among other things, the financial needs of the parties, the earnings and earning ability of the husband and wife, the estate, real and personal, and the extent thereof as well as the income derived therefrom of both the husband and wife and shall allow, or deny, alimony or maintenance or modify any former order with relation thereto, in accordance with the principles of justice.[4]

___

[4] Section 308(b) of the Uniform Marriage and Divorce Act, *reprinted in* 5 Fam.L.Q. 205 (1971), sets forth six criteria: 1) financial

Under the irreconcilable differences ground for divorce, we find that the Legislature intended to eliminate fault as an absolute condition precedent to an alimony award. The object of the award pursuant to the legislative mandate is to put the parties in a "just and equitable" position, and where economic and other circumstances dictate that alimony is necessary for a "just and equitable" settlement, alimony can be awarded against a blameless party.

The difference between the voluntary separation statute and the irreconcilable differences statute is that the latter is consensual, which is the primary factor determining that alimony *may* be awarded against a totally blameless party. Fault, therefore, does not provide the sole basis for an alimony award in this context, and in circumstances where all of the other factors to be considered are adequately compelling, alimony *may* be awarded without the same finding of inequitable conduct which would be required in a non-consensual context. Fault, however, is one factor to be considered in any determination of what is "just and equitable." As we noted in *Dyer v. Tsapis, supra*, ". . . the court should look to all the possible factors and tailor his decree in such a way as to strike a balance among all the competing equities." 249 S.E.2d at 513.

One of the least remarked passages from *Dyer, supra*, concerns creative approaches to the whole issue of alimony. Since we are entering an era where alimony takes on the aspects of a contract remedy, many of the rules of contract law concerning the mitigation of damages are coming to apply. In effect, this is the mirror image of our analysis regarding the desideratum of avoiding unjust enrichment. As we said in *Dyer*:

> Formerly when a wife established a ground for divorce based on traditional fault she was enti-

---

resources of the parties, 2) the time necessary for the defendant spouse to acquire job skills, 3) the parties' accustomed standard of living, 4) the duration of the marriage, 5) the age and health of the defendant spouse, and 6) the needs of the supporting spouse. n. 9, *Dyer v. Tsapis, supra*.

tled to damages keyed to her station in life. The husband, however, had reasonably definite notice of those things which he must not do in order to protect himself from this charge. What, however, we are attempting to do under the hybrid section of the statute under consideration is not to punish either party, but rather only to avoid unjust enrichment on either side. Therefore, notwithstanding the fact that a wife is blameless, if a divorce is granted on the no-fault ground of voluntary separation and alimony is predicated upon that nebulous notion of inequitable conduct, then the wife has an obligation to mitigate her damages—again an analogy from the contract side of this new confluent stream which merges tort and contract principles (which it should be emphasized again we recognize are applicable only by analogy as all parts of an action for divorce are obviously entirely equitable.) 249 S.E.2d at 512-13.

Since the trial court applied the law of *Dyer, supra,* and since the parties did not have the benefit of this Court's interpretation of the new statute, the case is reversed and remanded to the trial court with directions to afford leave to the appellee to amend his answer and to proceed thereafter in a manner consistent with this opinion.

*Reversed and remanded.*