300 S.E.2d 99

F.C.

v.

I.V.C.

No. 15230.

Supreme Court of Appeals of West Virginia.

July 8, 1982.

Steven Miller, Charleston, for appellant.

Cletus B. Hanley, Charleston, for appellee.

HARSHBARGER, Justice:

The parties present us with a muddle of conflicting facts, amended complaints, and angry motions in this protracted divorce battle.

Mr. and Mrs. C. were married in September, 1974 after having lived together for five years, and they separated sometime in 1979.[1] Their marriage produced no children, although each had children by former spouses.

Mrs. C. sued in April, 1979, alleging mental cruelty, and later complained that her husband left the marriage shortly after an automobile accident in which she suffered injuries to her pelvis, ribs, and female organs, and was unable to engage in sexual intimacies. He denied all her charges and counterclaimed that she was mentally cruel and that they shared irreconcilable differences. He testified that he left her because she had stopped acting like a "true woman and a true wife."

---

1. One complaint alleges that the husband left in February, 1979, but both parties testified that they intermittently continued marital relations through August, 1979.

A trial judge in Putnam County presided over the case despite attempts by Mrs. C. to have him recused.[2] In November, 1980, he awarded a divorce to the husband, finding that Mrs. C. failed to prove cruel and inhuman treatment and desertion; but that the parties had lived separate and apart for more than one year. He found Mr. C. without fault in his treatment of his wife, and thus not required to pay alimony.

Mrs. C. alleged that C. has twelve to fifteen million dollars; but the trial judge made no finding about his dollars. The wife, in her early forties, had worked as a beautician and as a dental technician. During her marriage she housewifed. Her residence, which is her property, is worth more than $100,000 but is encumbered by a $43,000 lien. Her household furnishings are valued at $15,000.

Our domestic relations law has undergone radical changes in the past several years. Prior to 1977 divorces were only granted to a spouse who could prove the other's fault, and alimony was intended to monetarily punish a spouse for marital misconduct and provide support money for the aggrieved spouse. As our law evolved, fault became a less dominant generator of divorce, *Dyer v. Tsapis*, 162 W.Va. 289, 249 S.E.2d 509, 511 (1978), and we now have two no-fault grounds: W.Va.Code, 48–2–4(a)(7)[3] and 48–2–4(a)(10).[4] A subsection (7) divorce requires a year's separation and may be obtained by one spouse even if the other does not want to be divorced. It is a *unilateral*, no-fault divorce, and the court may award "alimony according to the right of the matter ..." which determination shall not affect either party's right to get his or her divorce. So, consideration of alimony is effectively severed from the no-fault, one-year voluntary separation divorce grounds.

A subsection (10) irreconcilable differences action is a *consensual*, no-fault divorce requiring mutual consent by the parties.

The unilateral nature of a voluntary separation divorce, plus an added paragraph in the statute suggesting that a court consider fault in an alimony award, led to our *Dyer v. Tsapis, supra*, conclusion. Subsection (7) on voluntary separation divorces provides: "if alimony is sought under the provision of section fifteen [§ 48–2–15] of this article, the court *may* inquire into the question of who is the party at fault." (Emphasis added.) We wrote in the Syllabus of *Dyer* that an alimony award under this section was "conditioned" upon a finding of fault. Fault in that context was

**2.** Judge Hey of Kanawha County Circuit Court held two recusal hearings. His recommendations against recusal were approved by the Chief Justice of this Court on July 1, 1980.

**3.** W.Va.Code, 48–2–4(a)(7):

"Where the parties have lived separate and apart in separate places of abode without any cohabitation and without interruption for one year, whether such separation was the voluntary act of one of the parties or by the mutual consent of the parties: Provided, that a plea of res judicata or of recrimination with respect to any other provision of this section shall not be a bar to either party's obtaining a divorce on this ground: Provided, however, that if alimony is sought under the provision of section fifteen [§ 48–2–15] of this article, the court may inquire into the question of who is the party at fault and may award alimony according to the right of the matter: Provided further, that this determination shall not affect the right of either party to obtain a divorce on this ground; or"

**4.** W.Va.Code, 48–2–4(a)(10):

"If one party to a marriage shall file a verified [sic] complaint, for divorce, against the other, alleging that irreconcilable differences have arisen between the parties, and stating the names of the dependent children of the parties or of either of them, and if the other party shall file a verified answer to the complaint and admit or aver that irreconcilable differences exist between the parties, the court shall grant a divorce: Provided, that the defendant may file and serve an answer with or without an attorney, and said verified answer shall be sufficient if it is of the form as set out in section four-a [§ 48–2–4a] of this article: Provided, however, that the circuit clerk of each county shall maintain sufficient supplies of said form and provide the same to any person at no charge. No corroboration shall be required of the ground for the divorce or the issues of jurisdiction or venue or any other proof for a divorce on the ground of irreconcilable differences of the parties. The court may make orders for or approve, modify or reject any agreement between the parties pertaining to just and equitable, (i) alimony, (ii) custody, support or maintenance of children, or (iii) visitation rights."

interpreted to mean "substantial inequitable conduct."

We have reread that section and believe that our *Dyer* syllabus point must be modified. A voluntary separation alimony award is not *conditioned* on a finding of fault, but the court *may* inquire into fault to decide whether alimony is appropriate.

We reached the same conclusion for subsection (10) irreconcilable differences divorces in *Haynes v. Haynes,* 164 W.Va. 426, 264 S.E.2d 474 (1980). Apparently recognizing that support money problems could exist in an irreconcilable differences no-fault divorce situation, the Legislature permitted, but did not require, the court to "make orders for or approve, modify or reject *any agreement* ... pertaining to just and equitable ... alimony." (Emphasis added.) Practically, generally, when parties have consented to a divorce, arrangements *have* been made about money and property, but a court may oversee the agreement. No criteria to guide its modification or rejection of such an agreement was provided in subsection (10) except the phrase "just and equitable." This is similar to a subsection (7) alimony award where the court may consider fault but no other guidelines are provided.

■ We are not without help. Code, 48–2–15 authorizes a court upon ordering a divorce to make any award for maintenance of a party that it deems expedient. The Legislature elaborated on factors to be considered:

> All judges and courts of this State, called upon to fix, ascertain and determine an amount as alimony, support or maintenance to be paid by a spouse or to modify any order pertaining thereto, shall take into consideration, among other things, the financial needs of the parties, the earnings and earning ability of the husband and wife, the estate, real and personal, and the extent thereof as well as the income derived therefrom of both the husband and wife and shall allow, or deny, alimony or maintenance or modify any former order with relation thereto, in accordance with the *principles of justice.* W.Va.Code, 48–2–16. (Emphasis added.)

Fault was not specifically included in this list, but decisions are to pend on principles of justice; and principles of justice have included a retribution—compensation equation. *See generally* Annot., Fault as consideration in alimony, spousal support, or property division awards pursuant to no-fault divorce, 86 A.L.R.3d 1116. Concrete financial realities of the parties must be a court's primary inquiry in any alimony award. We decided that even in consensual divorces, where fault or blamelessness is not an issue in determining which spouse shall be charged with alimony, consideration may be given to the inequitable conduct of one party to determine what is a just and equitable alimony award. Syllabus, *Haynes v. Haynes, supra. Haynes* elaborated on a notion, from *Dyer v. Tsapis, supra,* that "alimony is a way of avoiding unjust enrichment of either of the parties." *Id., supra,* 164 W.Va. at 428, 264 S.E.2d at 475. *Haynes* made clear that alimony can be awarded against a blameless party in a W.Va.Code, 48–2–4(a)(10) divorce.

■ We find that if principles of justice so require, alimony may also be awarded under subsection (a)(7) against a faultless party, considering the financial needs of the parties and other factors listed in Code, 48–2–16. Also, faultlessness may be a consideration in determining the amount and duration of alimony.

■ Here, there was no finding that Mrs. C. misconducted herself. That her spouse was faultless does not justify a failure by the trial court to analyze the financial posture of the parties to determine whether alimony is required by principles of justice. ′

■ We remand this action to the trial court to determine an appropriate alimony award according to Code, 48–2–16. Furthermore, although the earlier petitions for recusal were denied, the trial transcripts demonstrate a crescendo of animosity between plaintiff and this judge and the mat-

ter will be assigned to a new judge on remand.

Reversed and remanded.