302 S.E.2d 76

**Julia Ann CRUTCHFIELD**

v.

**Thomas Edward CRUTCHFIELD.**

**No. 15654.**

Supreme Court of Appeals of
West Virginia.

Feb. 17, 1983.

Loren B. Howley, Grantsville, for appellant.

Ernest V. Morton, Jr. and Joyce H. Arnold, Webster Springs, for appellee.

McHUGH, Justice:

This is an appeal from a January 13, 1982 final order of the Circuit Court of Braxton County denying appellant's motion to amend and make additional findings of fact. An earlier order by the trial court had denied appellant's request for alimony

on the ground that appellee was guilty of no inequitable conduct. Appellant, Julia Ann Crutchfield, contends that this Court's holding in *F.C. v. I.V.C.*, 171 W.Va. 458, 300 S.E.2d 99 (1982) allowing an award of alimony against a faultless party requires that this case be reversed and remanded. We agree.

Appellant, Julia Ann Crutchfield, was fifty-six years of age and appellee Thomas Edward Crutchfield was sixty-six years of age at a July 6, 1981 hearing in this action. They were married in 1951 and lived together as man and wife until October of 1979, when appellant filed for divorce and requested alimony. Custody and support of the three children born of the marriage is not an issue before this Court.

Appellee worked as a school teacher during the marriage and had acquired a considerable estate, consisting of real property valued at a minimum of $52,000, $11,000 in certificates of deposit, and $6,500 in mutual stocks. He also receives $5,500 per year in non-taxable social security and veteran's benefits, plus approximately $11,500 in taxable income from residential rental property, interest income, and a teacher's pension.

Appellant, a fifty-six year old high school graduate, had not worked outside the home since her marriage to appellee. For the twenty-seven years of the marriage she lived as a housewife. At the time of the divorce she owned no real property and was substantially without assets. As of the July 6 hearing her sole income, other than *pendente lite* alimony of $300 per month, was from social security payments, for which her divorce rendered her ineligible.

The trial court considered appellant's request for alimony in its order of November 4, 1981, and concluded that because appellee was not at fault in the dissolution of the marriage, alimony could not be awarded against him. Appellant requested that the trial judge reconsider his ruling and the judge issued a second order concluding, in pertinent part, "[t]here was no inequitable conduct on the part of the [appellee] which would entitle the [appellant] to be awarded any alimony." Appellant cites *F.C. v.*

*I.V.C.*, 171 W.Va. 458, 300 S.E.2d 99 (1982), as controlling. We note that the case of *F.C. v. I.V.C.* was not available to the trial judge at the time of his decision.

Syllabus Points 1 and 2 of *F.C. v. I.V.C.*, are as follows:

"Alimony may be awarded under *W.Va.Code*, 48–2–4(a)(7) against a 'faultless' party if 'principles of justice' so require, considering the the financial needs of the parties and other factors listed in *Code*, 48–2–16.

"The Syllabus of *Dyer v. Tsapis*, 162 W.Va. 289, 249 S.E.2d 509 (1978), is modified in that *W.Va.Code*, 48–2–4(a)(7), does not condition an award of alimony upon a finding of fault."

The trial court herein declined to award alimony against appellee because appellee was not at fault, but fault is not a pre-requisite to an award of alimony. We noted in *F.C. v. I.V.C.*, "[c]oncrete financial realities of the parties must be a court's primary inquiry in any alimony award." *F.C. v. I.V.C., supra,* 171 W.Va. at 460, 300 S.E. at 101. The concrete financial realities of the parties to this action indicate that an award of alimony is appropriate.

We reverse the final order of the Circuit Court of Braxton County and remand with directions that the court reconsider its previous ruling in light of the principles expressed in the case of *F.C. v. I.V.C., supra.*

Reversed and remanded.