304 S.E.2d 880

**Michael J. PEREMBA, Jr.**

v.

**Arlene J. PEREMBA.**

No. 15605.

Supreme Court of Appeals of
West Virginia.

July 6, 1983.

James J. Sellitti, Weirton, for appellee.

Martin S. Bogarad, William R. Kiefer, Bogarad & Robertson, Weirton, for appellant.

McHUGH, Justice:

Appellant, Arlene J. Peremba appeals from a February 17, 1982 order of the Circuit Court of Hancock County denying appellant's request for alimony from appellee, Michael J. Peremba. This case has previously been before this Court. In *Peremba v. Peremba*, 163 W.Va. 741, 260 S.E.2d 289 (1979), we reversed and remanded with directions that the trial court reconsider its denial of alimony in view of *Dyer v. Tsapis*, 162 W.Va. 289, 249 S.E.2d 509 (1978). On remand the circuit court reconsidered appellant's request in light of *Dyer*, but held that even in view of *Dyer* appellant was not entitled to alimony. We cannot say that the trial court's ruling was clearly wrong, and we affirm.

■ Appellant and appellee were divorced in 1977, after 17 years of marriage on the ground of voluntary separation. *W.Va. Code*, 48–2–4(a)(7) [1977][1] They have two girls, aged approximately 14 and 17 at the time of this appeal. Appellee was employed as an airline pilot and had a substantial income while appellant was a housewife. Appellant performed the bulk of childcare, cooking, and housecleaning duties for the family.[2]

---

1. We note that *W.Va.Code,* 48–2–4(a) was amended in 1981. The amendments do not affect the result herein.

2. *LaRue v. LaRue,* 172 W.Va. 158, 304 S.E.2d 312 (1983) is inapplicable to the case *sub judice.*

*LaRue* announced certain principles of law regarding equitable distribution of property in a divorce. However, *LaRue's* application is primarily prospective. Because the issue of equitable distribution was not specifically raised

The circuit court denied alimony initially because it found both parties guilty of inequitable conduct. In *Peremba v. Peremba, supra,* we reversed and remanded the case with directions that the court reconsider the issue of alimony in light of ruling in *Dyer v. Tsapis,* 162 W.Va. 289, 249 S.E.2d 509, 513 (1978).

The circuit court's final order of February 17, 1982, noted *Dyer,* but concluded that it would be inequitable to award appellant alimony in view of the fact that the marriage was dissolved primarily because of her blameworthy conduct.

*Dyer v. Tsapis, supra, Haynes v. Haynes,* 164 W.Va. 426, 264 S.E.2d 474 (1980), and *F.C. v. I.V.C.,* 171 W.Va. 458, 300 S.E.2d 99 (1982) all addressed the role of the inequitable conduct of the party to be charged with alimony. In the case *sub judice* we face the obverse situation. The central issue in this appeal is whether the court may consider substantial inequitable conduct on the part of the party seeking alimony as one factor in its decision regarding alimony in the context of a voluntary separation divorce under *W.Va.Code,* 48–2–4(a)(7).

Certainly, *F.C. v. I.V.C., supra,* established that "[c]oncrete financial realities of the parties must be a court's primary inquiry in any alimony award." We also noted, however, that "even in consensual divorces ... consideration may be given to the inequitable conduct of one party to determine what is a just and equitable alimony award." 171 W.Va. at 460, 300 S.E.2d at 101.

*Haynes v. Haynes, supra,* held that a party seeking an award of alimony pursuant to a divorce granted for irreconcilable differences under *W.Va.Code,* 42–2–4(a)(10) need not show fault on the part of the party to be charged with payment. The *Haynes* court observed that fault is one factor to be considered in determining whether "principles of justice" mentioned in *W.Va.Code,* 48–2–16 [1969] dictate an award of alimony. 164 W.Va. at 429, 264 S.E.2d at 476.

 Our reading of *W.Va.Code,* 48–2–16 [1969] and our prior case law leads us to conclude that when alimony is sought under *W.Va.Code,* 48–2–4(a)(7) the court may consider substantial inequitable conduct on the part of the party seeking alimony as one factor in its decision. Substantial inequitable conduct is conduct which the trier of fact may infer caused the dissolution of the marriage. We emphasize that this holding in no way signals a retreat from the emphasis which *F.C. v. I.V.C., supra,* quite properly placed on the concrete financial realities of the parties in determining any request for alimony pursuant to a voluntary separation divorce under *W.Va.Code,* 48–2–4(a)(7). *W.Va.Code,* 48–2–16 clearly places the economic means and needs of the parties foremost in a decision regarding alimony.

We cannot say from the record before us that the trial court improperly applied the applicable principles of law in denying appellant's request for alimony. Certainly the trial judge gave considerable weight to appellant's fault in denying alimony. However, the court also noted that it applied "equitable principles" in rendering its decision. In the single syllabus of *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977) we held: "questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." After a close examination of the record we cannot say that the trial court clearly abused its discretion in denying appellant's request for an award of alimony.

Affirmed.

by the appellant, either at trial or in this Court, *LaRue* is inapplicable. *LaRue v. LaRue, supra,* at syllabus points 13 and 14.