341 S.E.2d 411

**Freddie L. MITCHELL**

v.

**Ettie P. MITCHELL.**

**No. 16757.**

Supreme Court of Appeals of West Virginia.

Feb. 26, 1986.

LaVerne Sweeney, Grafton, for appellant.

Timothy J. Kerns, Lucas & Kerns, Philippi, for appellee.

PER CURIAM:

This is an appeal by Ettie P. Mitchell from a final divorce decree denying her an award of alimony. Because we conclude the trial court committed an error of law in denying the appellant an alimony award, we reverse and remand with directions.

The facts for present purposes can be briefly stated. In 1982, the appellee, Freddie L. Mitchell, instituted an action for divorce in the Circuit Court of Barbour County. The parties had been married for over thirty years. They were then both in their fifties and their three children had all reached majority. The appellee had worked on the railroad and as a coal miner throughout the marriage. The appellant had been a housewife until 1973, when she began working as a nurse's aide at a local hospital.

The circuit court appointed a special divorce commissioner who conducted evidentiary hearings. The divorce commissioner concluded that a divorce should be granted and, based on the current financial circumstances of the parties, recommended that the appellant be granted alimony in the amount of $350 per month. Both parties filed exceptions to the divorce commissioner's report. The trial court issued a letter opinion and thereafter entered an order granting the divorce on the grounds that the parties had lived separate and apart without any cohabitation for one year, W.Va.Code, 48-2-4(a)(7), but denied the appellant an alimony award. About two months later, the appellant was involuntarily laid off from her job at a local hospital and petitioned the court to modify the divorce decree in light of her changed financial circumstances. At a subsequent hearing, this petition to modify was denied.

I.

The appellant contends the circuit court erred in denying her an alimony award. In his letter opinion, the trial court judge stated that his decision to deny alimony was based on the absence of fault on the part of the appellee, and the fact that the appellant was working and would receive royalties of about $1600 per year on a jointly owned gas well.

The trial judge also noted that shortly after the evidentiary hearings before the divorce commissioner were concluded, Badger Coal Company, the appellee's employer, had shut down and might never reopen. The trial judge then stated that "[p]erhaps improperly ... I assume the husband is unemployed or retired because of the closing of the mine." The record reveals, however, that the appellee did not retire until October, 1984, about two months after the divorce decree was entered and some five months after the letter opinion was issued.

■ The trial court clearly erred in *sua sponte* taking judicial notice that the appellee was unemployed or retired. The appellee's employment or retirement status is plainly not a fact subject to judicial notice. It was not a matter of common, everyday knowledge in the jurisdiction and was neither certain nor indisputable. *See State ex rel. Hubbard v. Spillers*, 157 W.Va. 522, 202 S.E.2d 180 (1974); F. Cleckley, Handbook on Evidence 520 (1978). In *Boggs v. Settle*, 150 W.Va. 330, 338, 145 S.E.2d 446,

451 (1965), we spoke about the doctrine of judicial notice:

> " 'Judicial knowledge is limited to what a judge may properly know in his judicial capacity and he is not authorized to make his individual knowledge of a fact not generally or professionally known the basis of his action.' 31 C.J.S., Evidence, Section 11, page 832. See also 23 C.J., Evidence, Section 5, pages 61–62. The individual and extrajudicial knowledge on the part of a judge will not dispense with proof of facts not judicially cognizable, and cannot be resorted to for the purpose of supplementing the record." 150 W.Va. at 338, 145 S.E.2d at 451. (Citations omitted).

In reversing, the *Boggs* court in Syllabus Point 4 stated a rule of appellate review that is equally applicable here:

> "This Court, in the exercise of its appellate jurisdiction, will reverse a finding of fact made by a trial court if it appears that such finding of fact is not supported by competent evidence."

In the present case, the circuit court's error was obviously prejudicial. The appellee's income level was undoubtedly a critical factor in the trial court's decision to deny alimony, as alimony payments are ordinarily made only from a party's income. *Sandusky v. Sandusky*, 166 W.Va. 383, 387, 271 S.E.2d 434, 438 (1981).[1] We note that at the time of the trial court's ruling in 1984, the law was, and it remains so today, that a finding of fault is not an indispensable prerequisite to an alimony award in a no-fault divorce. We recently reiterated in Syllabus Point 1 of *Nutter v. Nutter*, 174 W.Va. 398, 327 S.E.2d 160 (1985):

> " 'Alimony may be awarded under W.Va.Code, 48–2–4(a)(7) against a "faultless" party if "principles of justice" so require, considering the financial needs of the parties and other factors listed in

Code, 48–2–16.' Syllabus Point 1, *F.C. v. I.V.C.*, 171 W.Va. 458, 300 S.E.2d 99 (1982)."

*See also Peremba v. Peremba*, 172 W.Va. 293, 304 S.E.2d 880 (1983); *Crutchfield v. Crutchfield*, 172 W.Va. 7, 302 S.E.2d 76 (1983); *Haynes v. Haynes*, 164 W.Va. 426, 264 S.E.2d 474 (1980).

Accordingly, we reverse the judgment of the trial court denying alimony and remand the case for further proceedings to determine a proper alimony award considering the present financial circumstances of the parties. In this respect, we are of the opinion that the appellant is entitled to an award of at least some alimony, given such factors as the length of time the appellant provided homemaker services, her age and educational level, and the respective financial positions of the parties.

## II.

The appellant also argues that the trial court erred in concluding that our decision in *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312 (1983), did not apply to her claim for equitable distribution of assets based on homemaker services. There is no merit to this argument. *LaRue* is not fully retroactive as to claims for equitable distribution based on homemaker services. The divorce action here was commenced prior to our decision in *LaRue* and was not pending on appeal when *LaRue* was decided. We stated in Syllabus Point 14 of *LaRue*:

> "Equitable distribution based on homemaker services should be applied prospectively, that is, only to those cases filed after the date of this opinion. Since we have applied the homemaker principles to the present case, we will extend these principles to those cases presently on appeal to this Court where an equitable distribution claim for homemaker

---

1. The trial court did award the appellant $200 per month as temporary alimony *pendente lite*. The special commissioner upon consideration of the economic needs of the parties, their assets, liabilities, income, the length of the marriage, and the essential no-fault nature of the marital dissolution, recommended an alimony

award in the amount of $350 per month. He also noted that if and when the parties' economic positions were to change due to retirement, increased living expenses, or other circumstances, a petition for modification could be filed.

services has actually been presented in the lower court."[2]

*See also Conner v. Conner,* 175 W.Va. 512, 515, 334 S.E.2d 650, 653 (1985); *Peremba v. Peremba,* 172 W.Va. at 293–294 n. 2, 304 S.E.2d at 880–81 n. 2.

### III.

We also do not find merit in the appellant's contention that the trial court abused its discretion in reducing her attorney's fee request. Counsel for the appellant filed an itemized petition seeking an attorney's fee award against the appellee in the amount of $2,704. The trial court, after carefully reviewing the petition and considering the nature of the case, concluded that an attorney's fee award of $1,824 was reasonable. It is well established that an attorney's fee award in a domestic relations proceeding will not be reversed, unless there is a clear abuse of discretion shown. *Kinney v. Kinney,* 172 W.Va. 284, 304 S.E.2d 870 (1983); *Hopkins v. Yarbrough,* 168 W.Va. 480, 489, 284 S.E.2d 907, 912 (1981); *Sandusky v. Sandusky, supra; Johnson v. Johnson,* 159 W.Va. 434, 223 S.E.2d 195 (1976); Syllabus Point 3, *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959). No abuse of discretion has been shown here.

For the foregoing reasons, the judgment of the Circuit Court of Barbour County is reversed insofar as it denied an award of alimony, and the case is remanded for further proceedings consistent with this opinion.

Affirmed, in part, Reversed, in part, and Remanded With Directions.

---

**2.** The appellant sought a one-half interest in personal property. The record demonstrates that she did have a one-half ownership in the two pieces of real property which constituted the major assets.