448 S.E.2d 156

**Sylvia HICKMAN (Formerly Earnest), Plaintiff Below, Appellant,**

v.

**Merle O. EARNEST, Defendant Below, Appellee.**

No. 22128.

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1994.

Decided June 16, 1994.

Dissenting Opinion of Justice Neely Sept. 13, 1994.

Gale E. Carroll, Wilson & Bailey, Weston, for appellant.

George M. Cooper, Sutton, for appellee.

PER CURIAM:

This is an appeal by Sylvia Hickman (hereinafter "the Appellant") from an order of the Circuit Court of Braxton County which failed to award her alimony despite the recommendation of a family law master that alimony was appropriate. The Appellant contends that the lower court erred in refusing to award alimony. We agree with the conten-

tions of the Appellant, reverse the decision of the lower court, and remand for the entry of an order awarding alimony as determined by the family law master.

## I.

The parties to this action, Appellant Sylvia Hickman and Appellee Merle Earnest, were married June 23, 1980. The Appellant did not work outside the home and raised two children during the marriage.[1] Throughout the marriage, the Appellee was employed by Island Creek Mining. According to the testimony of the Appellant, she has limited employment skills and an eighth grade education.

In June 1990, the Appellant filed for divorce, alleging cruelty, adultery, and irreconcilable differences. The Appellee admitted only irreconcilable differences, and the divorce was granted on that ground in February 1992. Subsequent to hearings before Family Law Master Jeffrey Hall in April 1993, the Appellant was granted alimony in the amount of $205.58 per month for ten years. The family law master found that the Appellee was not at fault in the divorce and determined the alimony award based upon the financial need of the Appellant. The family law master further found that the Appellee had been steadily employed throughout the marriage and that he had the ability to pay the alimony. According to the testimony of the Appellant, her only income was $128.58 per month which she receives from the Appellee's pension.[2]

Upon review by the lower court, no award of alimony was made. The only rationale provided by the lower court for its refusal to award alimony was that the Appellee was without fault in the divorce. The lower court also stated as follows: "I'll lose in the supreme court, I double guarantee you, but that is my Order."

## II.

We have previously explained that the primary standard for the award of alimony is the financial position of the parties. *F.C. v. I.V.C.*, 171 W.Va. 458, 460, 300 S.E.2d 99, 101–02 (1982). We have also specifically stated that alimony may be awarded against a faultless party if the principles of justice so require. *Haynes v. Haynes,* 164 W.Va. 426, 430, 264 S.E.2d 474, 476 (1980). We explained in *Haynes* that "[u]nder the irreconcilable differences ground for divorce, we find that the Legislature intended to eliminate fault as an absolute condition precedent to an alimony award." *Id.* We did note, however, that fault is one of the factors which may be weighed in determining what amount of alimony would be " 'just and equitable.' " *Id.*

■ In syllabus point 2 of *Rexroad v. Rexroad,* 186 W.Va. 696, 414 S.E.2d 457 (1992), we stated the following:

W.Va.Code, 48–2–15(i) (1991), bars a person from alimony in only three instances: (1) where the party has committed adultery; (2) where, subsequent to the marriage, the party has been convicted of a felony, which conviction is final; and (3) where the party has actually abandoned or deserted the other spouse for six months. In those other situations where fault is considered in awarding alimony under W.Va.Code, 48–2–15(i), the court or family law master shall consider and compare fault or misconduct of either or both of the parties and the effect of such fault or misconduct as a contributing factor to the deterioration of the marital relationship.

■ Furthermore, we stated in syllabus point 1 of *F.C.* that "[a]llimony may be awarded under W.Va.Code, 48–2–4(a)(7) against a 'faultless' party if 'principles of justice' so require, considering the financial needs of the parties and other factors listed in Code, 48–2–16."

■ Thus, fault is not a necessary prerequisite to the award of alimony against an individual. The fact that there is no finding of fault is not alone determinative of whether

---

1. One of the children was apparently the Appellant's son from a previous marriage and one was the Appellee's son from a previous marriage.

2. Other issues in the divorce, such as the division of marital assets and the Appellee's pension, were resolved in the lower court and are not presently before this Court.

an award of alimony is appropriate.[3] The financial and other circumstances of the parties must also be examined.

■ Under the financial circumstances of the parties, we agree with the family law master that the Appellant is entitled to an award of alimony. The circuit court was correct in its prediction of reversal, and we reverse the decision of the lower court and remand this matter for the entry of an order awarding alimony in the amount determined by the family law master.

Reversed and remanded with directions.

NEELY, Justice, dissenting:

(Filed Sept. 13, 1994)

I dissent because the decision recommended by the Family Law Master, and overturned by the Circuit Court, was based solely on Mr. Earnest's earning capacity. The record reflects that Mr. Earnest did everything possible to save this marriage and that he is not guilty of any wrongdoing. Furthermore, the Family Law Master found that Ms. Hickman was at fault for the divorce; thus, it follows that Ms. Hickman wrongly accused her former husband of adultery and cruelty.

When alimony is sought in the context of a voluntary separation divorce, the court may consider substantial inequitable conduct on the part of the party seeking alimony and may infer that such conduct caused the dissolution. *Peremba v. Peremba*, 172 W.Va. 293, 304 S.E.2d 880, 881 (1983). When a party's conduct causes the dissolution of the marriage it is permissible for a court to refuse that party alimony. This, no doubt, is what the Circuit Court did here. This Court has held that "questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). After a careful evaluation of the record I cannot say

that the trial court clearly abused its discretion in denying Ms. Hickman's request for alimony.

---

3. In many cases where adultery, mental cruelty, or other fault exists, the parties agree to acquire their divorce on the basis of irreconcilable differences, sparing both the financial and emotional costs of a long exposition of fault evidence.