# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard Farmer,**
**Petitioner Below, Petitioner**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1501** (Putnam County 10-D-234)

**Margaret Farmer,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard Farmer, by counsel Mark A. Swartz and Allyson H. Griffith, appeals the order entered by the Circuit Court of Putnam County on November 26, 2012, that reversed in part, and affirmed in part, an order from the family court. On appeal, petitioner asks this Court to reinstate the family court's order which awarded no spousal support to respondent. Respondent Margaret Farmer appears pro se.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in September of 1983, and separated in March of 2010. The three children of the marriage are now adults. Petitioner was employed as an attorney and earned $231,000 in 2010.[1] Respondent filed a financial statement in 2010 indicating that she was unemployed at that time. Respondent has a bachelor's degree and previously worked in the mental health field. She earned less than $30,000 annually in her last three jobs.

Pursuant to the divorce petition, the family court held hearings in this matter in May of 2011, and August of 2011. On November 14, 2011, the family court entered a final order that granted the parties a divorce, and denied respondent's petition for spousal support. The family court cited several factors for this decision; the parties were married for 26 years; both were employed full-time at the time of the hearings; and there was a disparity in earning capacity. Both parties admitted to adultery. Petitioner abused both drugs and alcohol during most of the marriage. The family court found that respondent had numerous opportunities over the years to end her marriage because of petitioner's drug and alcohol problems but she chose not to do so "and repeatedly condoned this conduct." The family court was critical of respondent's credibility because she testified at the temporary hearing in October of 2010 that she lived alone, when it later became clear that a male friend lived with her. The family court denied respondent's claim

---

[1]Respondent testified that his base salary was $176,000, and he received a $55,000 bonus.

for spousal support and found that each party was responsible for his/her own attorney's fees, expert fees, and costs.

Respondent subsequently appealed the family court's order to the circuit court and requested spousal support. In its order entered November 26, 2012, the circuit court reversed the family court with regard to the issue of spousal support. The circuit court found that the factors set forth in West Virginia Code § 48-6-301(b) weighed in favor of respondent's request.[2] The

---

[2]Pursuant to West Virginia Code § 48-6-301(b), the court shall consider the following factors in determining the amount of spousal support:

(1) The length of time the parties were married;

(2) The period of time during the marriage when the parties actually lived together as husband and wife;

(3) The present employment income and other recurring earnings of each party from any source;

(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market and custodial responsibilities for children;

(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of article seven of this chapter, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support, child support or separate maintenance: Provided, That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity;

(6) The ages and the physical, mental and emotional condition of each party;

(7) The educational qualifications of each party;

(8) Whether either party has foregone or postponed economic, education or employment opportunities during the course of the marriage;

(9) The standard of living established during the marriage;

(10) The likelihood that the party seeking spousal support, child support or separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described in subdivision (10) above;

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

(16) The extent to which it would be inappropriate for a party, because said party will be the custodian of a minor child or children, to seek employment outside the home;

circuit court noted the length of the marriage and the great disparity in the parties' income earning abilities. The circuit court found respondent was the family's homemaker and childcare giver when the children were young, and "[b]y doing so, [she] relinquished her ability to financially support herself."

The circuit court also noted that the family court should have considered and compared the marital misconduct of both parties, and not just respondent's relationship with her male friend. Importantly, both parties testified that for years they engaged in an open relationship in which they both committed adultery. The circuit court found that the family court abused its discretion in weighing this factor against respondent.

After considering the appropriate factors set forth in West Virginia Code § 48-6-301(b), the circuit court found that the family court abused its discretion in denying respondent's request for spousal support. As a result, the circuit court ordered petitioner to pay $3,000 per month in spousal support for thirty-six months beginning January 1, 2012, and thereafter, $1,500 per month for an additional eighty-four months.

Petitioner now appeals the circuit court's order that reversed the order of the family court with regard to respondent's request for spousal support. We apply the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Petitioner contends that the circuit court failed to give appropriate deference to the findings of the family court and applied the wrong standard when reviewing this matter.[3] Because the issues in the instant case essentially involve the family court's application of the law to the facts, we will review the family court's order for an abuse of discretion. With regard to

---

(17) The financial need of each party;
(18) The legal obligations of each party to support himself or herself and to support any other person;
(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and
(20) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support, child support or separate maintenance.

[3]Petitioner also asserts that the circuit court "acted without jurisdiction" when it reversed the findings of the family court, and considered matters outside the record. We find that these assignments of error have no merit.

what constitutes an abuse of discretion, this Court has explained that "[u]nder the abuse of discretion standard, we will not disturb a [family] court's decision unless the [family] court makes a clear error of judgment or exceeds the bound of permissible choices in the circumstances." *Wells v. Key Communications, L.L.C.*, 226 W.Va. 547, 551, 703 S.E.2d 518, 522 (2010) (citation omitted). We have also stated that "[i]n general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the [family] court makes a serious mistake in weighing them." *Shafer v. Kings Tire Service, Inc.*, 215 W.Va. 169, 177, 597 S.E.2d 302, 310 (2004) (citation omitted). With this standard to guide us, we now proceed to consider the issue raised by petitioner.

Petitioner complains that the award of spousal support is unreasonably high, and not supported by the record. "In reviewing lower court pronouncements regarding spousal support, this Court has explained that '[a]bsent a finding of a statutory bar to [spousal support] or a finding of substantial fault or misconduct on the part of the spouse seeking [spousal support], the determination of awarding [spousal support] is to be based on "the financial position of the parties."' *Banker v. Banker*, 196 W.Va. 535, 541, 474 S.E.2d 465, 471 (1996) (quoting *Hickman v. Earnest*, 191 W.Va. 725, 726, 448 S.E.2d 156, 157 (1994))." *Sloan v. Sloan*, 219 W.Va. 105, 108, 632 S.E.2d 45, 49 (2006).

When we review the financial position of the parties in this case, it is clear that the family court abused its discretion in failing to award spousal support to respondent. Petitioner's annual income is more than seven times greater than respondent earned in her last job. We therefore find that the family court made a serious mistake in weighing this relevant factor. After careful review of the record and briefs of the parties, we find no compelling reason to reverse the decision of the circuit court on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Chief Justice Brent D. Benjamin