# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Joseph L. Zickefoose,**
**Petitioner**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-0845** (Kanawha County 09-D-1501)

**Margaret P. Zickefoose (now Waldron),**
**Respondent**


# MEMORANDUM DECISION

Petitioner Joseph L. Zickefoose, by counsel Michelle L. Johnson, appeals the circuit court's "Amended Final Order Reinstating the Family Court Order" entered on June 22, 2012. Respondent Margaret P. Waldron, formerly Margaret P. Zickefoose, by attorney Paul Williams, responds in support of the order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

## I.  Factual Background

The parties were married in May of 2004, separated in May of 2009, and divorced by final order of the family court entered on June 3, 2010. The issue of spousal support was contested. During the marriage, both parties ceased working and were adjudicated disabled. The family court found that Mr. Zickefoose's monthly income was $4,367 and he had a financial need no greater than $3,304 per month. The family court found that Ms. Waldron's monthly income was $780 but she needed $1,884 per month. In the final divorce order, the family court directed Mr. Zickefoose to pay Ms. Waldron $1,000 per month in permanent spousal support. More than one-half of Mr. Zickefoose's income is from his veteran's disability benefits that, pursuant to federal law, are not subject to direct attachment or allocation for spousal support. *See*, 38 U.S.C. § 5301(a)(1). However, the family court ruled that the spousal support award could be paid out of Mr. Zickefoose's other sources of income.

Mr. Zickefoose appealed the final divorce order to circuit court, which by order of December 13, 2010, set aside the spousal support award and instead directed Mr. Zickefoose to

1

pay temporary spousal support of $500 per month for eighteen months.

Upon Ms. Waldron's appeal, we reversed the circuit court's order. *Zickefoose v. Zickefoose*, 228 W.Va. 708, 724 S.E.2d 312 (2012). As a matter of first impression in West Virginia, we ruled that veteran's disability benefits may be considered as a resource in assessing the payor's ability to pay spousal support. Syl. Pt. 3, *Zickefoose*. Moreover, we emphasized that the circuit court's limitation to eighteen months could not be justified solely because the parties were only married a few years. *Id.* at 714-15, 724 S.E.2d at 318-19. As we recognized in *Porter v. Porter*, 212 W.Va. 682, 685, 575 S.E.2d 292, 295 (2002), the length of the marriage is one of many factors set forth in West Virginia Code § 48-6-301(b) that may be considered in determining spousal support. We further concluded that under the specific facts of this case, the award of spousal support to Ms. Waldron shall be permanent in nature, not rehabilitative. *Zickefoose*, 228 W.Va. at 715, 724 S.E.2d at 319.

We remanded the case to the circuit court for further consideration of the spousal support award. On remand, by order of February 10, 2012, the circuit court reinstated the family court's original award of $1,000 per month in permanent spousal support. Mr. Zickefoose now appeals to this Court asserting three assignments of error: (1) on remand the circuit court failed to discuss the family court's ruling with particularity, (2) the circuit court erred in applying the statutory factors to be considered when awarding spousal support, and (3) the application of the factors does not justify $1,000 per month.

## II.  Standard of Review

We apply the following standard of review to family law appeals:

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

## III. Discussion

Petitioner complains that the circuit court's February 12, 2012, order on remand did not contain a sufficient discussion of the family court's final divorce order. However, in the circuit court's initial order of December 10, 2010, the court found no error in the family court's determination that Ms. Waldron had a need for spousal support. The circuit court also found no error in the family court's findings of fact about each party's income and financial need. As to the issues where the circuit court did find error in its 2010 order, we reversed those findings in our 2012 *Zickefoose* opinion. Accordingly, the circuit court's reinstatement of the original award is supported by its original findings and conclusions. Although the circuit court's February 10, 2012, order could have contained more discussion of the issues, the limited discussion does not warrant reversal in this case.

2

We consider petitioner's second and third assignments of error together. He argues that the family court erred in applying the factors of West Virginia Code § 48-6-301(b) and in weighing the evidence when applying those factors. However, most of his arguments pertain to issues that we addressed in the prior appeal. For example, he argues that the marriage was of a short duration and that his veteran's benefits belong to him and not to his ex-wife. Neither of these is solely determinative of the spousal support award.

The factors to be considered when awarding spousal support are set forth in West Virginia Code § 48-6-301(b):

(1) The length of time the parties were married;

(2) The period of time during the marriage when the parties actually lived together as husband and wife;

(3) The present employment income and other recurring earnings of each party from any source;

(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market and custodial responsibilities for children;

(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of article seven of this chapter, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support, child support or separate maintenance: Provided, That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity;

(6) The ages and the physical, mental and emotional condition of each party;

(7) The educational qualifications of each party;

(8) Whether either party has foregone or postponed economic, education or employment opportunities during the course of the marriage;

(9) The standard of living established during the marriage;

(10) The likelihood that the party seeking spousal support, child support or separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described in subdivision (10) above;

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

3

(16) The extent to which it would be inappropriate for a party, because said party will be the custodian of a minor child or children, to seek employment outside the home;

(17) The financial need of each party;

(18) The legal obligations of each party to support himself or herself and to support any other person;

(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and

(20) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support, child support or separate maintenance.

In the final divorce order, the family court considered each of these factors. Factors pertaining to children were not applicable because the parties do not have children together. The family court considered that both parties are disabled and petitioner is retired, thus there is likely to be no significant change in the parties' income or earning capacities. The family court found that Mr. Zickefoose enjoys a standard of living as good or better than was established during the marriage, but Ms. Waldron has a financial need that cannot be met by her own resources. The family court relied on our discussion in *Sloan v. Sloan*, 219 W.Va. 105, 108, 632 S.E.2d 45, 49 (2006), "'[a]bsent a finding of a statutory bar to [spousal support] or a finding of substantial fault or misconduct on the part of the spouse seeking [spousal support], the determination of awarding [spousal support] is to be based on 'the financial position of the parties.' *Banker v. Banker*, 196 W.Va. 535, 541, 474 S.E.2d 465, 471 (1996) (quoting *Hickman v. Earnest*, 191 W.Va. 725, 726, 448 S.E.2d 156, 157 (1994))." The family court also recognized that the length of the marriage is but one factor for consideration. *Porter*, 212 W.Va. at 685, 575 S.E.2d at 295; *see also*, *Zickefoose*, 228 W.Va. at 714-15, 724 S.E.2d at 318-19. After a review of the record and the parties' arguments, we simply cannot conclude that the family court committed clear error in its findings of fact or abused its discretion in reaching its decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis