503 S.E.2d 273

**Larry E. BOTKIN, Plaintiff below, Appellee,**

v.

**Wynonia E. WHITE, Defendant below, Appellant.**

**No. 24767.**

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1998.

Decided June 12, 1998.

**185**

Wynonia E. White, Appellant, Pro se

Larry E. Botkin, Appellee, Pro se

PER CURIAM: [1]

The appellant Wynonia White appeals the September 27, 1996 order of the Circuit Court of Kanawha County. This order provided for 9 months of rehabilitative alimony contrasted with the 12 months of rehabilitative alimony recommended by the family law master. We reverse the circuit court's order.

I.

The parties were married on February 16, 1994 and were separated on or about January 26, 1996. A petition for divorce was filed and a hearing was held before the family law master in April 1996, and a second hearing was held upon remand by the circuit court in June 1996.

The order relating to the April hearing was signed by the judge on September 11, 1996, but the clerk's stamp suggests it was filed on September 9, 1996. In the September 11 order the court awarded 6 months of rehabilitative alimony.

The next order, encompassing the activity of the June 4, 1996, hearing on remand, was signed by the judge on September 12, 1996, and entered by the clerk on the same date. This order awarded the appellant 12 months rehabilitative alimony at $250.00 per month.

Appellant sought a clarification of the conflicting orders by filing a Motion for Reconsideration. On September 20, 1996, the judge entered an order denying the motion.

Apparently, the appellant next personally contacted the judge's office. The judge then entered a third order dated September 27, 1996, which was titled, "Corrected and Amended Order of Findings of Fact, Conclusions of Law and Recommended Decision of the Family Law Master." In this order, the judge set forth the two conflicting alimony paragraphs from the two previous orders and indicated that the difference was based on inadvertence and an ambiguous record. The judge then "to avoid protraction and additional court times and costs," ordered that the rehabilitative alimony was to be paid for 9 months.

This appeal followed.

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

## II.

The standard of review for this case is a three-pronged analysis set forth in Syllabus Point 1 of *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995).

In examining the findings of fact provided by the family law master, the circuit court should "review findings of fact made by a family law master only under a clearly erroneous standard, and it should review the application of law to the facts under an abuse of discretion standard." Syllabus Point 1, *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995).

This Court also stated in *Stephen* that:

Under the clearly erroneous standard, if the findings of fact and the inferences drawn by a family law master are supported by substantial evidence, such findings and inferences may not be overturned even if a circuit court may be inclined to make different findings or draw contrary inferences.

Syllabus Point 3, *Stephen, supra.*

Should a circuit court believe that a family law master erred in his findings of fact or in the law master's application of the law, the circuit court is directed to do one of the following:

If a circuit court believes a family law master failed to make findings of fact essential to the proper resolution of a legal question, it should remand the case to the family law master to make those findings. If it is of the view that the findings of fact of a family law master were clearly erroneous, the circuit court may set those findings aside on that basis. If it believes the findings of fact of the family law master are unassailable, but the proper rule of law was misapplied to those findings, the circuit court may reverse. However, a circuit court may not substitute its own findings of fact for those of a family law master merely because it disagrees with those findings.

Syllabus Point 4, *Stephen, supra.*

A reading of the orders before this Court in this matter do not indicate that the judge found the family law master to have made improper findings of fact, or that the family law master failed to apply the law correctly to the findings of fact. It would appear from the record that the law master clearly recommended 12 months of rehabilitative alimony after hearing the matter on remand. In attempting to correct the mistake, the circuit court simply took the average of the two payment periods from the two orders to arrive at 9 months. This final order of the circuit court does not conform to our holding in *Stephen*.

Therefore, as there was no finding by the circuit court that the family law master erred in his recommendations, we reverse the order of the circuit court and hold that the appellant is entitled to 12 months rehabilitative alimony.

## III.

Accordingly, the circuit court's order of September 27, 1996 is reversed in regard to the duration of the rehabilitative alimony and we remand this matter for entry of an order consistent with this opinion.

Reversed and Remanded.