609 S.E.2d 844

Cassandra L. (Smith) CAMPBELL,
Petitioner Below, Appellant,

v.

Gary Lynn SMITH, Respondent
Below, Appellee.

No. 31732.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 29, 2004.

Decided Oct. 22, 2004.

David H. Webb, Keyser, for Appellant.

C. Page Hamrick, III, Anthony G. Halkias, John I. Rogers, II, Rogers & Melody, Charleston, for Appellee.

PER CURIAM.

Cassandra L. Campbell (hereinafter referred to as "Ms. Campbell"), appellant/petitioner below, appeals an order of the Circuit Court of Mineral County. The circuit court denied her petition for appeal of a divorce decree issued by the Family Court of Mineral County. Here, Ms. Campbell challenges the amount and duration of rehabilitative spousal support that she was awarded under the divorce decree. After a review of the briefs and record on appeal, we affirm the Circuit Court of Mineral County.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Campbell and Gary Lynn Smith (hereinafter referred to as "Mr. Smith"), appellee/respondent below, were married on October 28, 1978. Three children were born of the marriage.[1] Ms. Campbell was a homemaker throughout most of the marriage. In 1997, she obtained employment outside the home as a paraprofessional with the Mineral County Board of Education. Mr. Smith was employed by Mead–Westvaco, a papermill company, throughout the marriage.

In June 2002, Ms. Campbell filed for a divorce on the grounds of irreconcilable differences. During the divorce proceedings it was determined that Ms. Campbell had a gross monthly income of $1,475.00. Mr. Smith had a gross monthly income of $4,320.00. Ms. Campbell requested spousal support. Accordingly, she presented evidence that she was going to further her education by obtaining a bachelor's degree and master's degree. There was evidence that Ms. Campbell would incur costs of $14,170.00 to complete her education, and an additional $19,266.00 for education related expenses. It was also determined that it would take Ms. Campbell eleven years to complete her education.

In granting a divorce to the parties, the family court judge found that Ms. Campbell was entitled to rehabilitative spousal support. Ms. Campbell was awarded $632.00 per month for five years as rehabilitative spousal support. Further, custody of the two minor children was awarded to Ms. Campbell. Mr. Smith was ordered to pay a total of $790.00 per month for child support. However, the parties have acknowledged that subsequent to the issuance of the divorce decree custody of the children was transferred to Mr. Smith. Thus, he was no longer obligated to pay child support to Ms. Campbell.[2]

Ms. Campbell filed a petition for appeal with the circuit court on the issue of spousal support. Ms. Campbell argued that the amount and duration of spousal support were insufficient. The circuit court denied the petition for appeal and affirmed the family court's resolution of those issues. From this ruling, Ms. Campbell now appeals.

## II.

## STANDARD OF REVIEW

Ms. Campbell's appeal is from an order of the circuit court that denied her petition for appeal and affirmed the ruling of the family court on the issue of spousal support. We have held that:

In reviewing challenges to findings made by a family court judge that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying fac-

---

1. The children are Tandi Lynn Smith (DOB 4/5/84); Amy Lee Smith (DOB 3/11/87); and Scott James Smith (DOB 6/90). Tandi had reached the age of majority when the Family Court judge issued the divorce decree. Consequently, no child support was ordered for her.

2. The change of custody and child support payments are not an issue in this appeal.

tual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a de novo review.

Syl. pt. 2, *Lucas v. Lucas,* 215 W.Va. 1, 592 S.E.2d 646 (2003). Further, in the single syllabus of *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977), this Court held that "[q]uestions relating to [spousal support] ... are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Based upon this standard of review, we address the merits of Ms. Campbell's appeal.

## III.

## DISCUSSION

### A. Amount of Spousal Support

■ Ms. Campbell has indicated that her net monthly income, including the current spousal support payment, is $1,593.17;[3] and that Mr. Smith's net monthly income is $2,436.82. Ms. Campbell contends that the rehabilitative spousal support in the amount of $632.00 per month is insufficient due to the disparity between the income of the parties. Ms. Campbell contends that spousal support should be awarded in the amount of $1,200.00 per month.

This Court has held that "[a]bsent a finding of a statutory bar to [spousal support] or a finding of substantial fault or misconduct on the part of the spouse seeking [spousal support], the determination of awarding [spousal support] is to be based on 'the financial position of the parties.'" *Banker v. Banker,* 196 W.Va. 535, 541, 474 S.E.2d 465, 471 (1996) (quoting *Hickman v. Earnest,* 191 W.Va. 725, 726, 448 S.E.2d 156, 157 (1994)). Under W. Va.Code § 48–6–301(b) (2001) (Repl.Vol.2001),[4] there are 20 items that must be considered in determining the

3. Ms. Campbell's net monthly income does not include child support because she no longer has custody of her two children.

4. The factors listed under W.Va. § 48–6–301(b) (2001) (Repl.Vol.2001) are as follows:

(b) The court shall consider the following factors in determining the amount of spousal support, child support or separate maintenance, if any, to be ordered under the provisions of parts 5 and 6, article five of this chapter, as a supplement to or in lieu of the separation agreement:

(1) The length of time the parties were married;

(2) The period of time during the marriage when the parties actually lived together as husband and wife;

(3) The present employment income and other recurring earnings of each party from any source;

(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market and custodial responsibilities for children;

(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of article seven of this chapter, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support, child support or separate maintenance: Provided, That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity;

(6) The ages and the physical, mental and emotional condition of each party;

(7) The educational qualifications of each party;

(8) Whether either party has foregone or postponed economic, education or employment opportunities during the course of the marriage;

(9) The standard of living established during the marriage;

(10) The likelihood that the party seeking spousal support, child support or separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described in subdivision (10) above;

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

(16) The extent to which it would be inappropriate for a party, because said party will be the custodian of a minor child or children, to seek employment outside the home;

amount of spousal support to be awarded.[5] The family court's order indicates that it considered the factors listed under the statute.

This Court has previously noted that spousal support "may not be awarded solely for the purpose of equalizing the income between spouses." *Pelliccioni v. Pelliccioni,* 214 W.Va. 28, 34, 585 S.E.2d 28, 34 (2003) (per curiam) (quoting *Stone v. Stone,* 200 W.Va. 15, 19, 488 S.E.2d 15, 19 (1997) (per curiam)). Although the evidence presented indicates that some disparity of income exists between the parties, this disparity is not so great as to warrant disturbing the family court's decision on the amount of spousal support. Our ruling on this issue is heavily impacted by the fact that the two children have been placed in the custody of Mr. Smith. Therefore, Mr. Smith's net income also includes the child support payments that were initially provided to Ms. Campbell.[6]

### B. Duration of Spousal Support

■ Ms. Campbell was awarded rehabilitative spousal support for a period of five years. Here, Ms. Campbell contends that, because it will take her eleven years to complete her educational training, she should have been awarded rehabilitative spousal support for a period of at least eleven years. The lower court found that eleven years was an unreasonable amount of time for educational training.

■ An important factor concerning rehabilitative spousal support, is that such an award should be for a limited time. *See Gooch v. Gooch,* 212 W.Va. 869, 575 S.E.2d 628 (2002) (allowing spousal support for five years); *Sanney v. Sanney,* 204 W.Va. 240,

511 S.E.2d 865 (1998) (allowing spousal support for two years); *Botkin v. White,* 202 W.Va. 184, 503 S.E.2d 273 (1998) (allowing spousal support for twelve months); *Stone v. Stone,* 200 W.Va. 15, 488 S.E.2d 15 (1997) (allowing spousal support for four years); *Bosworth v. Bosworth,* 199 W.Va. 278, 483 S.E.2d 861 (1997) (allowing spousal support for twelve months). We have held that "[t]he concept of 'rehabilitative [spousal support]' generally connotes an attempt to encourage a dependent spouse to become self-supporting by providing [spousal support] for a limited period of time during which gainful employment can be obtained." Syl. pt. 1, *Molnar v. Molnar,* 173 W.Va. 200, 314 S.E.2d 73 (1984). *See also* W. Va.Code § 48-8-105(a) (2001) (Supp.2004) ("The court may award rehabilitative spousal support for a limited period of time[.]").

The prior decisions of this Court clearly show that, as a general matter, rehabilitative spousal support should initially be limited in duration. In the present case, we have found no compelling facts to depart from this general rule. *See Durnell v. Durnell,* 194 W.Va. 464, 460 S.E.2d 710 (1995) (allowing former wife rehabilitative spousal support for ten years where former husband was earning almost $600,000 per year in private medical practice). Therefore, under the facts of this case we do not believe that the lower courts abused their discretion in limiting rehabilitative spousal support to Ms. Campbell to five years. However, we will note that our decision does not preclude Ms. Campbell from seeking an extension or modification of spousal support in the future. *See* W. Va. Code § 48-8-105(b) ("The court may modify an award of rehabilitative spousal support if

---

(17) The financial need of each party;

(18) The legal obligations of each party to support himself or herself and to support any other person;

(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and

(20) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support, child support or separate maintenance.

5. Ms. Campbell has invited this Court to consider establishing a specific formula for determining

spousal support. We decline to entertain this request because the issue is one that is best suited for the legislature and not this Court.

6. The parties have indicated that the issue of Ms. Campbell paying child support to Mr. Smith is pending before the family court judge. Although we make no determination of this issue in the present appeal, our resolution of the matters in this case are based upon the current status of the parties. A different outcome may have resulted had Ms. Campbell been required to pay child support.

a substantial change in the circumstances under which rehabilitative spousal support was granted warrants terminating, extending or modifying the award or replacing it with an award of permanent spousal support."). We have previously "indicated that modification of rehabilitative [spousal support] may become a necessity where the dependent spouse is unable to meet the rehabilitative plan[.]" *Wood v. Wood,* 190 W.Va. 445, 455, 438 S.E.2d 788, 798 (1993) (finding former spouse was entitled to an extension of rehabilitative alimony after she earned college credits to become a teacher but was only able to find work as a substitute teacher). *See also Luff v. Luff,* 174 W.Va. 734, 329 S.E.2d 100 (1985) (ordering an extension of rehabilitative spousal support where former spouse's health had deteriorated and she was unable to find gainful employment).

## IV.

## CONCLUSION

In view of the foregoing, the circuit court's order denying Ms. Campbell's petition for appeal and affirming the family court's decision is affirmed.

Affirmed.

Justice MCGRAW dissents.