# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James J.,**
**Petitioner, Respondent Below**

**vs) No. 18-1074** (Taylor County 12-D-119)

**Sarah J.,**
**Respondent, Petitioner Below**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James J.,[1] by counsel Thomas W. Kupec, appeals the Circuit Court of Taylor County's October 30, 2018, order denying his appeal from a July 11, 2018, order of the Family Court of Taylor County modifying respondent's spousal support award. Respondent, pro se, filed a response in support of the circuit court's order and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on August 16, 1986. By agreement of the parties, during the majority of their twenty-six year marriage, respondent did not work outside the home. On August 20, 2012, respondent filed for divorce and sought custody of the parties' minor child, child support, and spousal support. A final divorce order was entered by the Family Court of Taylor County on May 2, 2013. In that order, respondent was awarded rehabilitative spousal support in the amount of $225 per month for thirty-six months "with both the amount and the timeframe being modifiable as provided by law upon a showing of a change in circumstances." At the time of the initial award of rehabilitative spousal support, respondent anticipated attending post-secondary education to obtain a degree in nursing.

In February of 2016, respondent filed a petition for modification of rehabilitative spousal support following her diagnosis of breast cancer. She had been "laid off" from her job and was

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

unable to collect unemployment compensation benefits. Respondent acknowledged that since the initial award of spousal support, she had been enrolled in college classes, but explained that she was forced to "quit due to work scheduling issues."

By its "Modification Order" entered on April 26, 2016, the family court, pursuant to West Virginia Code § 48-8-105(b), extended respondent's rehabilitative support for an additional twelve months and modified the amount from $225 per month to $300 per month. The family court reasoned that the modification was premised upon a "significant change in the circumstances of the parties."

In April of 2017, respondent filed a second petition for modification of rehabilitative spousal support, arguing that her diagnosis of breast cancer and consequent medical conditions limited her ability to work and further her education. Petitioner filed a response in opposition to that petition for modification and argued that continuation of rehabilitative support was not justified. On September 6, 2017, the family court held a hearing on respondent's second petition for modification.

By final order entered July 11, 2018, the family court granted respondent's petition for modification, converted her rehabilitative spousal support award to an award of permanent spousal support, and set the amount of permanent spousal support at $500 per month. The family court acknowledged that respondent was initially awarded rehabilitative spousal support as it was anticipated that she planned to obtain a post-secondary education degree in nursing. However, the court noted that respondent had not completed and was not anticipated to complete any post-secondary education in nursing or any other field due, in part, to her "need to be gainfully employed in periods of time when she is well enough to do so."

The family court found that since their separation and divorce, petitioner's income has increased and respondent's has decreased. Specifically, the court found that even when respondent is healthy enough to hold a steady job,

> she is not likely to earn much more above minimum wage as she has a high school diploma; she has extremely limited work experience as she was a stay-at home mother by agreement during the majority of the parties' twenty-six (26) year marriage; she is currently fifty (50) years of age; with her extremely limited work experience, she has limited marketable skills; her health is poor in that she is still participating in breast cancer treatment and procedures associated with breast cancer treatment; her ability to meet the terms of the prior rehabilitative plan is unlikely based upon her age, poor health, and her need to maintain [a] home.

In August of 2018, petitioner appealed the July 11, 2018, family court order to the Circuit Court of Taylor County. By order entered on October 20, 2018, the circuit court affirmed the family court order modifying respondent's award of rehabilitative spousal support to permanent spousal support. The circuit court noted that given the testimony presented before the family court, the circuit court could not determine that the modification of the spousal support award was an abuse of discretion. It is from the circuit court's October 20, 2018, order that petitioner now appeals.

We have found that

> "[i]n reviewing challenges to findings made by a family court judge that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a de novo review." Syllabus Point 2, *Lucas v. Lucas*, 215 W.Va. 1, 592 S.E.2d 646 (2003).

Syl. Pt. 1, *Campbell v. Smith*, 216 W. Va. 583, 609 S.E.2d 844 (2004).

Here, in his single assignment of error, petitioner argues that the circuit court erred in failing to find that petitioner's due process rights were violated by the family court's "unilateral" increase of respondent's spousal support award and conversion of the award from rehabilitative support to permanent support. Petitioner contends that the family court's ruling was made without notice to petitioner and without the requisite significant change in circumstances of the parties.[2]

This Court has long held that "[q]uestions relating to [spousal support] . . . are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, in part, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). In syllabus point 6 of *Wood v. Wood*, 190 W. Va. 445, 438 S.E.2d 788 (1993), we recognized that "[c]ircumstances between the parties can substantially change once rehabilitative alimony is awarded, and where such change of circumstances justify an award of rehabilitative alimony, the award can be extended or modified to a permanent alimony award." *Accord* Syl. Pt. 4, *Pelliccioni v. Pelliccioni*, 214 W. Va. 28, 585 S.E.2d 28 (2003).

West Virginia Code § 48-8-105(b), explicitly provides that

[t]he court may modify an award of rehabilitative spousal support if a substantial change in the circumstances under which rehabilitative spousal support was granted warrants terminating, extending or modifying the award or replacing it with an award of permanent spousal support. In determining whether a substantial change of circumstances exists which would warrant a modification of a rehabilitative

---

[2]We note that despite petitioner's inference to the contrary, it is undisputed that petitioner received notice of respondent's instant petition for modification of her spousal support award. Petitioner filed a response to respondent's petition for modification and participated in a hearing held on the same. Accordingly, we find no merit to petitioner's contention that he received no notice. Further, we recognize that modification of an award of rehabilitative spousal support to an award of permanent spousal support is permissible, as discussed hereinbelow, under West Virginia Code § 48-8-105(b), if a substantial change of circumstances exist, like the substantial change in circumstances respondent established herein.

spousal support award, the court may consider a reassessment of the dependent spouse's potential work skills and the availability of a relevant job market, the dependent spouse's age, health and skills, the dependent spouse's ability or inability to meet the terms of the rehabilitative plan and other relevant factors . . . .

Similarly, this Court held, in syllabus point 5 of *Pelliccioni* that

"[a] rehabilitative alimony award may be extended or modified into a permanent alimony award where the dependent spouse demonstrates a substantial change in the circumstances under which rehabilitative alimony was awarded. In determining whether a substantial change of circumstances exists which would warrant a modification of a rehabilitative alimony award to a permanent alimony award, the trial court may consider a reassessment of the dependent spouse's potential work skills and the availability of a relevant job market, the dependent spouse's age, health and skills, the dependent spouse's inability to meet the terms of the rehabilitative alimony plan, as well as any of the other facts set forth in West Virginia Code § 48-2-16 (1992). The trial court should not consider modifying a rehabilitative alimony award to a permanent alimony award until the dependent spouse has had a reasonable amount of time to comply with the terms of the rehabilitative alimony award." Syllabus Point 7, *Wood v. Wood*, 190 W.Va. 445, 438 S.E.2d 788 (1993).

Here, the family court, in converting respondent's rehabilitative spousal support award to an award of permanent spousal support, found that a significant change in the circumstances of the parties existed. The family court made detailed and specific findings supporting the modification, including an assessment of respondent's potential work skills, age, health, education, and ability or inability to meet the terms of the rehabilitative plan. Based upon the family court's findings and the clear precedent of this Court, we find no error in the circuit court's denial of petitioner's appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4