# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WILLIAM JORDAN,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-291**        (Fam. Ct. Upshur Cnty. Case No. FC-49-2010-D-134)

**PANSY JORDAN,**
**Petitioner Below, Respondent**

**FILED**

**May 16, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner William Jordan ("Husband") appeals the Family Court of Upshur County's June 17, 2024, order reducing his monthly spousal support obligation from $2,500 to $1,625. Respondent Pansy Jordan ("Wife") filed a response in support of the family court's order.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' written and oral arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married for a little over thirty years. They were divorced by Decree of Divorce and Final Order entered February 16, 2011, which adopted the parties' Settlement Agreement. At the time of the parties' divorce, Husband was earning an annual income of approximately $135,000, significantly higher than Wife's earnings. Pursuant to the Settlement Agreement, Husband agreed to pay Wife $2,500 per month in permanent spousal support beginning February 1, 2011, and continuing until further order of the court. The parties also agreed, pursuant to the Settlement Agreement, that Husband's spousal support obligation was modifiable, in accordance with West Virginia law.

On August 17, 2023, Husband filed a Petition to Terminate/Reduce Spousal Support due to his retirement and resulting reduction in income. Husband also cited an increase in Wife's Social Security retirement income and the value of her individual retirement account as grounds for his petition. On September 13, 2023, Wife filed her answer in opposition to

---

[1] Husband is represented by Tim C. Carrico, Esq. Wife is represented by Alyson A. Dotson, Esq., and Cheryl E. La Nasa, Esq.

1

Husband's petition. The family court subsequently entered an order temporarily reducing spousal support to $1,500.

On April 17, 2024, the family court conducted a final contested hearing on Husband's petition. Wife agreed that Husband's retirement constituted a substantial change of circumstances warranting a modification to decrease his monthly spousal support obligation, and the family court found the same. During the hearing, the court received evidence pertaining to the parties' expenses, standards of living, income, retirement and bank account balances, and the distribution of marital property in the underlying divorce. Regarding the retirement accounts, the evidence reflected that Wife had received a portion of Husband's pension through equitable distribution and had neither added nor deducted any funds from that account since that time. Additionally, Husband asserted that 60% of his monthly pension should not be considered when determining his ability to pay because that portion of his pension was allocated to him through equitable distribution in the underlying divorce action.

In rendering its decision on the record, the family court discussed the value of Wife's Social Security retirement income, checking account, savings account, and individual retirement account ("IRA"), along with her ability to access the retirement funds. Likewise, the court examined Husband's checking accounts, pension, IRA, and Social Security retirement income. The family court discussed a "non-authoritative spousal support formula" that it used for guidance in determining how much spousal support should be awarded.[2] The family court input four different amounts for Wife's monthly income into the formula, some of which appear to contemplate her receiving disbursements from her IRA. The court's calculations produced the following monthly spousal support amounts: $2,023.19, $1,664.28, $1,603.19, and $1,545.77.[3] The court filed its spousal support calculations on May 3, 2024.

---

[2] The Supreme Court of Appeals of West Virginia ("SCAWV") has declined to adopt a formula for spousal support, noting the legislature is best suited to decide whether a formula is appropriate on this issue. *See Smith v. Smith*, 216 W. Va. 583, 586 n.5, 609 S.E.2d 844, 847 n.5 (2004) (per curiam); *see also Heather H. v. W. Shane H.*, No. 19-0058, 2020 WL 3263933, at *9 (W. Va. Jun. 17, 2020) (memorandum decision) (Workman, J., concurring in part and dissenting in part). While no published appellate case expressly prohibits a family court from referencing a formula as a guide when determining spousal support, the family court's ultimate determination must rest on its consideration of the twenty factors in West Virginia Code § 48-6-301(b) and other statutory considerations.

[3] The formula used by the family court considered the length of the parties' marriage and their current adjusted gross incomes. For parties married over thirty years (as Husband and Wife), 65% of Husband's adjusted gross monthly income minus 35% of Wife's

On June 17, 2024, the family court entered a final order modifying Husband's monthly spousal support obligation. In that order, the court made findings regarding the value of Wife's liquid assets from her IRA, checking account, and savings account. The court then made findings regarding the value of Husband's liquid assets from his IRA and bank accounts. The order found that Wife's monthly expenses were $2,893.57 and her monthly income was $1,439 from her Social Security retirement income, which resulted in her monthly need being $1,454.57. The order found that Husband's monthly expenses were $3,051.08 and his monthly gross income, which consisted of his pension, Social Security retirement income, and other income was $4,714.11. The court agreed with Husband that 60% of his pension should not be considered and adjusted his monthly gross income to $3,933.19.[4] The court also found that Husband was remarried and shared expenses with his wife as reflected in his monthly expense budget.

The family court's order further found that it was not appropriate to use the value of the parties' IRAs or bank accounts as income when calculating the amount of suggested monthly spousal support in its formula.[5] In support of its determination, the court found that Wife could not withdraw funds from her IRA until she was sixty-seven years old. Although the court did not use the full amount of Husband's pension as income in its formula, it did acknowledge that Husband had the full amount of his pension available to him as part of his gross monthly income. The family court concluded that it was appropriate to reduce Husband's monthly spousal support obligation from $2,500 per month to $1,625 per month effective May 1, 2024. It is from this order that Husband now appeals.

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

---

adjusted gross monthly income determined Husband's monthly spousal support obligation under the formula.

[4] Per the formula calculations provided by the family court, the adjusted gross income used for Husband was $3,887.44, not $3,933.19, as stated in the order. The family court does not explain this discrepancy.

[5] In this regard, the family court's order appears to be inconsistent with the sample spousal support calculations provided by the family court which included variable amounts and timing of income that Wife might receive from her IRA in the future.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband asserts four assignments of error, which we will address in turn. First, he argues that the family court abused its discretion when it refused to consider Wife's IRA and bank accounts when determining her need for spousal support. In support of his argument, he contends that the family court's refusal to consider Wife's IRA was based on a clearly erroneous finding; namely, that Wife was unable to withdraw from her IRA until she reached the age of sixty-seven.

The family court found Wife's monthly income of $1,439 was solely from her monthly Social Security retirement benefit. However, utilizing the court's spousal support formula, the court performed four calculations using four different amounts for Wife's gross monthly income, three of which exceeded her actual gross monthly income by at least $1,000. While one amount was her actual income from her Social Security retirement benefit, in the remaining three the family court appears to have used gross monthly income figures that include funds Wife is anticipated to receive in disbursements from her IRA in the future. However, in its order, the court did not explain how it arrived at these sums. The SCAWV has held that "[q]uestions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." *In re D.S.*, No. 23-521, 2025 WL 892866, at *5 (W. Va. Mar. 24, 2025) (citation omitted). Based upon our review of the record, the family court did in some way consider Wife's accounts in its calculation of spousal support and thus, did not abuse its discretion in this regard.

However, at paragraph thirty-seven of its order, the family court made the specific finding that "[Wife] cannot withdraw funds from her IRA account for three years due to her age." Wife was over the age of sixty at the time of the order's entry and an individual over the age of fifty-nine and one-half is permitted to withdraw funds from their IRA without tax penalties. *See* 26 U.S.C. § 72(t)(2)(A)(i) (2022). It has consistently been held that "[i]t is a paramount principle of jurisprudence that a court speaks only through its orders." *Legg v. Felinton*, 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006) (citations omitted). The family court reiterated Wife's concern that utilizing her IRA now to assist in meeting her monthly expenses would result in her exhausting the funds too quickly. However, the court's specific finding that Wife could not withdraw funds from her retirement account for three years was a clearly erroneous finding regarding a question of law. It is unclear what effect this incorrect finding had on the family court's spousal support analysis. For that reason, we vacate this finding and remand this matter to the family court for clarification of its effect, if any, on the spousal support analysis in a subsequent order.

For his second assignment of error, Husband argues that the family court abused its discretion by ordering a spousal support amount that requires him to access his separate assets to satisfy the spousal support obligation. In support of his argument, Husband relies on West Virginia Code § 48-8-103(a) (2012)[6] and West Virginia Code § 48-6-301(b)(5) (2018).[7] He asserts that because the court determined that his ability to pay spousal support was $604.64 per month, which is significantly less than the $1,625 monthly spousal support ordered, he must utilize his separate assets to pay the remaining monthly balance and he must utilize income generated by property allocated to him in connection with the division of marital property. As such, the court erred by failing to make appropriate findings in its order.

After a careful review of the record, we disagree. The family court's order restated the parties' proposed calculations regarding Husband's ability to pay and Wife's need, simply finding that Husband's *asserted* ability to pay was $604.64.[8] We do however find error in the family court's failure to include sufficient findings of fact and conclusions of law in its order regarding Husband's ability to pay spousal support. As stated in the order, the family court concluded that Husband had the ability to pay $1,625 per month in spousal

---

[6] West Virginia Code § 48-8-103(a) provides, in part,

Payments of spousal support are to be ordinarily made from a party's income, but when the income is not sufficient to adequately provide for those payments, the court may, upon specific findings set forth in the order, order the party required to make those payments to make them from the corpus of his or her separate estate. An award of spousal support shall not be disproportionate to a party's ability to pay as disclosed by the evidence before the court.

[7] West Virginia Code § 48-6-301(b)(5) provides, in part,

[F]or the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity[.]

[8] This discrepancy in the calculations is partially because the family court's spousal support formula calculations in the record utilized the parties' adjusted gross income, while Husband's ability to pay calculation was based on Husband's adjusted *net* income excluding 60% of his pension. However, even after making this adjustment, it is not clear from the order how the court determined Husband's ability to pay was $1,625.

support, but the calculations provided in the findings of fact do not support this conclusion.[9] The order also finds that Wife's monthly need is $1,454.57 but later concludes that her monthly need is $1,625. This discrepancy is not addressed by the family court. The SCAWV has previously remanded insufficient orders finding that:

> to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard— *i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013).

Here, the family court's order failed to indicate the factual basis for its conclusion that Husband has the ability to pay $1,625 per month in spousal support, either with specific findings of fact that Husband's obligation should come from the corpus of his estate per West Virginia Code § 48-8-103(a) or that substantial inequity would result by failing to consider income from his entire pension in determining Husband's ability to pay. Thus, on remand, the family court is instructed to enter an order with sufficient findings of fact to support its conclusions of law regarding Husband's ability to pay and Wife's need consistent with the statutes requiring specific findings.

For his third assignment of error, Husband argues that the family court abused its discretion by improperly using a spousal support formula not recognized by law. We note that Husband failed to object to the family court's use of the formula below as a nonbinding guideline. The record on appeal reveals that the family court discussed its formula with the parties at length during the hearing, and counsel for Husband acknowledged that he

---

[9] Even without the downward adjustment for Husband's pension, Husband argued that he was able to pay $1,231.85 per month. However, the family court's order expressly agreed with Husband that only a portion of his pension should be included in his income in assessing his ability to pay. Should the family court conclude on remand that Husband's ability to pay exceeds his current gross adjusted income, which would require him to draw down his separate estate to pay spousal support, as it appears the court has done in the order on appeal, then the family court must make specific findings of fact to support that conclusion, pursuant to West Virginia Code § 48-8-103(a).

"kn[e]w that the court look[ed] at it just as a guide." The SCAWV has explained that a party has a duty to raise an objection below or risk forfeiting the claim on appeal to this Court. "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). In fact, the issue of the family court using its own formula as a spousal support guide is being presented for the first time on appeal. "Because this argument is now being raised for the first time on appeal, we must necessarily find that the argument . . . has been waived." *Zaleski v. W. Va. Mut. Ins. Co.,* 224 W. Va. 544, 550, 687 S.E.2d 123, 129 (2009). As Husband did not object below, we will not review this issue for the first time on appeal.

Lastly, Husband argues that the family court abused its discretion by disregarding evidence and refusing to terminate his spousal support obligation. This Court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning,* 199 W. Va. 417, 485 S.E.2d 1 (1997). The SCAWV has held that "[t]ime and again, we have reiterated that '[t]o preserve an issue for appellate review, a party must articulate it with *such sufficient distinctiveness* to alert a [lower] court to the nature of the claimed defect.'" *State v. Ladd*, 210 W. Va. 413, 428, 557 S.E.2d 820, 835 (2001) (quoting Syl. Pt. 2, *State ex rel. Cooper v. Caperton,* 196 W. Va. 208, 470 S.E.2d 162 (1996)) (emphasis added). Despite Husband's assertions regarding the termination of his spousal support, the inadequacy of his counsel's objection is made clear in the record. During the hearing, counsel for Husband stated that Husband does not think it's "unreasonable for alimony to be reduced" and "[s]o he's seeking a reduction to $500 a month in spousal support." Consequently, we refuse to consider the issue of terminating spousal support on appeal.

Based on the foregoing, we vacate the Family Court of Upshur County's June 17, 2024, order. We remand this matter for further proceedings consistent with this decision.

Vacated and Remanded.

**ISSUED:** May 16, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White